IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STANLEY HAWKINS AS INDEPENDENT EXECUTOR OF THE ESTATE OF ELIZABETH PAIGE HAWKINS, AND LACY MCKEE,<br><br>*Plaintiffs*,<br><br>vs.<br><br>NEXION HEALTH MANAGEMENT, INC., NEXION HEALTH AT BOGATA, INC. D/B/A REGENCY HEALTHCARE AND REHABILITATION CENTER AT RED RIVER, NEXION HEALTH LEASING, INC., NEXION HEALTH OF TEXAS, INC., AND NEXION HEALTH, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:13-CV-121 |

**MOTION TO DISMISS OF
DEFENDANT NEXION HEALTH MANAGEMENT, INC.**

TO THE HONORABLE COURT:

Defendant Nexion Health Management, Inc. ("Defendant"), files this Motion to Dismiss in accordance with Federal Rule of Civil Procedure 12(b) in response to Plaintiffs Stanley Hawkins as Independent Executor of the Estate of Elizabeth Paige Hawkins, and Lacy McKee's Original Complaint ("Plaintiffs"):

**I.
THE CLAIMS**

1.1 Plaintiffs bring a health care liability claim per Chapter 74 of the Texas Civil Practice & Remedies Code alleging nursing home professional negligence/malpractice. However, Plaintiffs fail to state a claim against Defendant upon which relief can be granted as

Plaintiffs fail to plead or allege that Defendant is a "Health care provider" as defined by Texas Civil Practice & Remedies Code § 74.001(a)(12)(A) or a "Nursing home" per Texas Civil Practice & Remedies Code § 74.001(a)(21). Specifically, Plaintiffs fail to plead or allege that Defendant is "duly *licensed, certified, registered or chartered* by the State of Texas to provide health care, including: . . . (vii) a health care institution" or "a *licensed* public or private institution to which Chapter 242, Health & Safety Code, applies." *Id.* [emphasis added].

    1.2    A "Health care liability claim" is defined as:

> . . . a cause of action against a *health care provider* . . . for treatment, lack of treatment, or other claimed departure from accepted standards of . . . health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or in contract.

*See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13)[emphasis added]. Plaintiffs fail to plead or allege that Defendant is "duly *licensed, certified, registered or chartered* by the State of Texas to provide health care." Therefore, Plaintiffs have failed to state that Defendant is a "health care provider" and, therefore, Plaintiffs have failed to properly state a "Health care liability claim against Defendant."

    1.3    Defendant would show that the operator of a nursing home must be the license holder or controlling person, and that there can only be one license holder for a nursing home. *See* Tex. Admin. Code §§ 19.101 (Definitions for "Controlling person" and "Nursing Facility/home") and 19.201; *See also* Texas Health & Safety Code Chapter 242. Plaintiffs have failed to plead or allege that the Defendant holds a license or other certification, registration or charter. Defendant denies it is a license holder, controlling person, owner or operator of the nursing home in question.

1.4     Plaintiffs have failed to plead or allege that Defendant employed the individual or individuals who owned or operated the nursing home. Plaintiffs have failed to plead or allege that Defendant employed the individual or individuals who provided the care and treatment for the nursing home resident Ms. Hawkins, including the alleged negligent acts, errors or omissions of nursing home care and treatment allegedly causing injury, damage and death. Defendant denies that it is the employer of such individuals.

## II.
## DISMISSAL REQUIRED

2.1     Based on the foregoing, Plaintiffs have failed to state a claim against Defendant upon which relief can be granted. Therefore, Defendant moves to dismiss Plaintiffs' claims against Defendant in accordance with Federal Rule of Civil Procedure 12(b)(6).

DEFENDANT PRAYS for the entry of an order granting Defendant's Motion to Dismiss and dismissing Plaintiffs' claims against Defendant; that Defendant recover its costs of court; and that Defendant recover any additional relief to which Defendant is entitled.

Respectfully submitted,

**MACDONALD DEVIN, P.C.**


By:   /s/ Gregory N. Ziegler
     **Gregory N. Ziegler, Lead Counsel**
     State Bar No. 00791985
     GZiegler@MacdonaldDevin.com
     **Jason A. Burris**
     State Bar No. 24049591
     JBurris@MacdonaldDevin.com

3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANTS NEXION HEALTH MANAGEMENT, INC., NEXION HEALTH AT BOGATA, INC. D/B/A REGENCY HEALTHCARE AND REHABILITATION CENTER AT RED RIVER, NEXION LEASING, INC., NEXION HEALTH OF TEXAS, INC., and NEXION HEALTH, INC.**


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, by e-mail to all parties, on this the 9th day of January, 2014.


/s/ Gregory N. Ziegler
Gregory N. Ziegler / Jason A. Burris

---