**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **STANLEY HAWKINS, INDIVIDUALLY** § | | **CASE NO. 5:13-cv-00121** |
| **AND AS INDEPENDENT EXECUTOR** § | | |
| **OF THE ESTATE OF ELIZABETH** § | | |
| **PAIGE HAWKINS, DECEASED;** § | | |
| **AND LACY PAIGE McKEE,** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| **v.** § | | |
| § | | |
| **NEXION HEALTH MANAGEMENT, INC.;** § | | |
| **NEXION HEALTH AT BOGATA, INC.,** § | | |
| **d/b/a REGENCY HEALTHCARE AND** § | | |
| **REHABILITATION CENTER AT** § | | |
| **RED RIVER; NEXION HEALTH** § | | |
| **LEASING, INC.; NEXION HEALTH OF** § | | |
| **TEXAS, INC.; AND NEXION HEALTH, INC.,** § | | |
| § | | |
| **Defendants.** § | | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Stanley Hawkins, Individually and as Independent Executor of the Estate of Elizabeth Paige Hawkins, Deceased; and Lacy Paige McKee (Plaintiffs) and files this Motion to Compel Production of Documents pursuant to II (1) of the Scheduling and Discovery Order [Dkt. #21] and for cause would show:

Facts

I.

1.1     Prior to the deadline of March 5, 2014, for serving Initial Disclosures, the undersigned counsel for Plaintiffs served a letter on counsel for the Defendants advising counsel of documents

that Plaintiffs believed should be disclosed as a part of the Defendants' Initial Disclosure. (See attached Exhibit A - Affidavit of J. Michael Smith.)

1.2     Defendants' Initial Disclosure provided no documents other than those purporting to be the nursing home records of Elizabeth Paige Hawkins while she was a resident at the Defendants' facility, Nexion Health at Bogata, Inc. d/b/a Regency Healthcare and Rehabilitation Center at Red River ("Regency"). The Defendants disclosed no documents with regard to Nexion Health Management, Inc., Nexion Health Leasing, Inc., Nexion Health of Texas, Inc., and Nexion Health, Inc. ("Nexion").

Requested Documents from "Nexion" and "Regency"

II.

2.1     Plaintiffs would request that the Court enter an order compelling the Defendants to produce the following:

1.   Diagram of the nursing home floor at Regency;

2.   All records, documents and files evidencing all training and discipline of the personnel terminated by Regency as a result of the events of October 24-25, 2012, with regard to Elizabeth Paige Hawkins;

3.   All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in identifying residents who are elopement risks;

4.   All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in supervising and observing residents who are identified as an elopement risk;

5.   All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after

       October 25, 2012, concerning the practice and training of employees in the operation and maintenance of the Wanderguard system;

6. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in seeking medical care for residents who have suffered injury;

7. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in reporting accidents resulting in injury to residents;

8. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in providing information to medical providers concerning the nature of accidents resulting in injury to residents;

9. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in testing, reading and documenting glucose levels of diabetic residents;

10. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in determining if the glucose level of a diabetic resident is excessive;

11. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in reporting excessive glucose levels of diabetic residents to their treating physician;

12. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in testing, reading and documenting glucose levels of brittle diabetic residents;

13. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in

reporting excessive glucose levels of brittle diabetics to their treating physician;

14. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in monitoring residents confined to their beds because of illness or injury;

15. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in reading and operating insulin pumps;

16. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in supervision to ensure compliance with policies and procedures; and

17. All written policies and procedures of the Defendants in existence as of October 24, 2012, and any revisions and amendments to those policies after October 25, 2012, concerning the practice and training of employees in requirements for nurses aides, CNAs, LVNs and RNs.

18. All insurance or indemnifying agreements under which an insurance business may be liable to satisfy part or all of a judgment against any Nexion Defendant in this case for the injuries and death of Elizabeth Paige Hawkins including, but not limited to, professional liability insurance agreements, insurance agreements insuring directors and officers concerning business decisions, and all general liability insurance agreements;

19. All records including, but not limited to, the elopement book at Regency nursing home which identified residents who were a risk for elopement in October 2012, with names redacted with the exception of Mrs. Hawkins;

20. A copy of instruction and/or operation manual for Wanderguard system;

21. Documents showing maintenance, service and/or repair logs for the Wanderguard system;

22. Ownership and lease documents of the real property at 2407 West Main Street, Clarksville, Texas, on October 24-25, 2012;

23. Training files of all employees involved in testing, assessing and reporting glucose levels of Mrs. Hawkins;

24. Training files of all employees with regard to maintenance and operation of the Wanderguard system from March 2012 until October 26, 2012;

25. Training files of all nurses aides, CNAs, LVNs and RNs to include training relating to the testing, assessment and reporting of glucose levels from March 2012 until October 26, 2012;

26. Disciplinary files of employees with regard to the direct patient care of any resident to include failure to adhere to charting and reporting requirements for five (5) years prior to October 25, 2012;

27. Documents reflecting all prior deficiencies or violations in your policies or procedures noted by any state or federal authority relating to training and patient care for five (5) years prior to October 25, 2012;

28. Documents reflecting job descriptions for all healthcare providers who would have had direct contact with Mrs. Hawkins or oversight of her care including nurses aides, CNAs, LVNs, RNs, Director of Nurses, and the Administrator of the Regency facility;

29. All documents reflecting the authority and accreditation of Regency to operate as a nursing home in Texas in 2012 and 2013;

30. All documents reporting and communicating information between Nexion Health at Bogata, Inc. d/b/a Regency Healthcare and Rehabilitation Center at Red River and any other Nexion entity named in this suit from March 2012 to October 26, 2012;

31. Training files of Margaret Hodgson, Scott Franklin, Vicki Parker and Denise Honnell;

32. All recorded and written statements of employees of the Defendants taken with regard to the events of October 24-25, 2012, concerning Elizabeth Paige Hawkins; and

33. "Blood Glucose Monitoring System Guide".

2.2 In support of this request, Plaintiffs would show that Defendants have stated they will produce none of the requested documents as to the Defendants Nexion Health Management, Inc.;

Nexion Health Leasing, Inc.; Nexion Health of Texas, Inc.; Nexion Health, Inc. ("Nexion"), because of the pendency of motions to dismiss at the time of disclosure, relying upon the grounds stated in their motions. Plaintiffs would show Defendants' position is without merit as the Local Rules provide the pendency of motions to dismiss do not excuse disclosure/discovery. *Local Rule CV-26(a)*. Further, the motions to dismiss of the Defendants have been denied. [Dkt. # 27]

2.3     Disclosure is applicable to all documents, electronically stored information and tangible things in the possession, custody or control and that "are relevant to the claim or defense of any party". [Scheduling and Discovery Order - Dkt. #21, ¶ II (1) ] The requested documents are relevant to Plaintiffs' claim of negligence and proximate cause as all of the requested documents relate directly to a specific allegation of negligence and proximate cause. [Plaintiffs' Original Complaint - Dkt. #1, ¶ 5.1] Further, the requested documents are relevant to the Plaintiffs' claim that the Defendants' conduct merits recovery of exemplary damages. The documents requested are relevant to exemplary damages to the extent that known policies and procedures were not followed with regard to the care of Mrs. Hawkins and that training and supervision were not conducted prior to the incidents made the basis of this suit. [Id. at ¶7.1]

2.4     Plaintiffs' causes of action have been asserted against all Defendants. The "Nexion" Defendants seek to place a wall between the "Nexion" entities and Regency and thereby avoid any liability resulting from the death of Mrs. Hawkins. [See Motion to Dismiss of Defendants, Nexion Health Leasing, Inc.; Nexion Health Texas, Inc.; and Nexion Health, Inc. - Dkt. #7; and Motion to Dismiss of Defendant Nexion Health Management, Inc. - Dkt. #10] In the Defendants' statement of the case in the Joint Discovery/Case Management Plan, Defendants state that no employee of

"Nexion" engaged "in any action, error, or omission that caused any injuries or damages alleged by Plaintiffs." [Dkt. #19 at p. 5, "Defendants' Statement of the Case", ¶2]

  2.5 The documents requested are relevant to rebut Defendants' position, particularly the documents requested in request number 30 herein above. Though Defendants obviously desire to distance the "Nexion" entities from "Regency", they are obviously involved in the day-to-day control and operation of Regency. [See attached Exhibit A.] The categories of documents requested herein as item numbers 1 through 33 deal specifically with the operation of "Regency", i.e. the nursing home, as well as the incident made the basis of Plaintiffs' lawsuit. Moreover, the categories cover documents relative to employees, agents and/or representatives of the Defendants as identified in the investigation conducted by the Texas Department of Aging and Disability Services ("DADS"). The documents requested are relevant to demonstrate the Defendants' violations of the standard of care owed to Mrs. Hawkins as well as the interrelationship of the various Defendants in operating the nursing home. However, instead of adhering to the Federal Rules of Civil Procedure, the Local Rules and the Scheduling Order entered in this case, the Defendants attempt to write a new set of rules by which they pick and choose the information they wish to disclose.

  2.6 The documents related to the "Nexion" entities are relevant to show that they occupied a status which makes them liable with "Regency" for the death of Mrs. Hawkins as provided by TEX. CIV. PRAC. & REM. CODE § 74.001. To the extent Defendants argue that matters related to the requested documents are not admissible at the trial of the cause, Plaintiffs would dispute that and would argue the discovery of these documents are reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(3)(b)(1).

2.7     Plaintiffs would show that Defendants have purported to produce documents as to "Regency" only.  The documents previously produced as to "Regency" appear to relate to the categories requested in request numbers 2, 4, 7, 8, 9, 10, 11, 12 and 13.  However, though counsel for Plaintiffs have asked for confirmation that the documents produced were the only documents existing in that category, counsel for Defendants have not confirmed those are the only existing documents relating to the stated categories.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court, upon hearing this motion, to enter the appropriate order to compel the Defendants to produce the above requested documents to counsel for Plaintiffs in a reasonable time for discovery and such other and further relief as the Plaintiffs may show themselves justly entitled.

                Respectfully submitted,

                **SMITH WEBER, L.L.P.**
                5505 Plaza Drive - P.O. Box 6167
                Texarkana, TX 75505
                Telephone: 903/ 223-5656
                Facsimile: 903/223-5652

By:     */s/ J. Michael Smith*
                **J. Michael Smith**
                *Lead Attorney*
                Texas State Bar No. 18630500
                E-Mail:  msmith@smithweber.com

                **C. David Glass**
                Texas State Bar No. 24036642
                E-mail:  dglass@smithweber.com

                **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system on this 10th day of April, 2014, which will send notification of such filing to the following parties:

Gregory N. Ziegler
Jason A. Burris
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

                                            */s/ J. Michael Smith*
                                            J. Michael Smith

## CERTIFICATE OF CONFERENCE

1. This is to certify that a "meet and confer conference" was held in compliance with Local Rule CV-7(h) by telephone on March 14, 2014, at 10:00 a.m. The conference was attended by J. Michael Smith, lead counsel for Plaintiffs, and Jason A. Burris, counsel for Defendants. Subsequent correspondence was exchanged between counsel confirming their understandings and positions with regard to the production of documents. The subject of the conference was Plaintiffs' request for disclosure of documents listed in Plaintiffs' letter of February 25, 2014, to Defendants requesting that certain documents be disclosed and Defendants' Initial Disclosure. [See attached Exhibit A-1.]

2. Plaintiffs' Motion to Compel is opposed.

    An agreement was not reached because Defendants refused to produce any of the requested documents related to Defendants Nexion Health Management, Inc., Nexion Health Leasing, Inc., Nexion Health of Texas, Inc., and Nexion Health, Inc. Defendants would not agree to produce any documents of revisions and amendments to their policies subsequent to October 24, 2012, as to Nexion Health at Bogata, Inc., d/b/a Regency Healthcare and Rehabilitation Center at Red River ("Regency"). Defendants objected and refused to produce the documents requested in request numbers 25, 26, 27, 30 and 32 on the ground that the requests were too broad, privileged, and available to Plaintiffs. Defendants refused to produce the training file of Denise Honnell on the grounds that she is not an employee of Regency. Though Defendants have produced some documents as to Regency relating to some of the categories requested, Plaintiffs' counsel has requested that counsel confirm that there are no more documents relating to those categories as stated in paragraph 2.7 above.

However, counsel for Defendants have not responded to that inquiry. Defendants agreed in the meet and confer conference and in subsequent correspondence to produce, without qualifications, the documents responsive to request numbers 18, 20, 23, 24, 29 and 31, but have not produced the documents responsive to those requests, nor have they advised that those documents do not exist. Discussions relative to these issues have ended in an impasse leaving an open issue necessary for the Court's resolution.

                                                 */s/ J. Michael Smith*
                                                 J. Michael Smith