IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| STANLEY HAWKINS AS § | | |
| INDEPENDENT EXECUTOR OF THE § | | |
| ESTATE OF ELIZABETH PAIGE § | | |
| HAWKINS, AND LACY MCKEE § | | |
| Plaintiffs, § | | 5:13-CV-121 |
| § | | |
| v. § | | |
| § | | |
| NEXION HEALTH MANAGEMENT, § | | |
| INC., ET AL. § | | |
| Defendants § | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATE MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such actions has been presented for consideration. Defendants filed objections to the Report and Recommendation. Also before the Court is Plaintiff's response to the objections.

### BACKGROUND

This case involves claims by Stanley Hawkins, Individually and as Executor of the Estate of Elizabeth Paige Hawkins, Deceased, and Lacy Paige McKee ("Plaintiffs") against Nexion Health Leasing, Inc.; Nexion Health of Texas, Inc.; and Nexion Health, Inc. as well as Nexion Health Management, Inc. (collectively "Defendants") for negligently proximately causing the death of Mr. Hawkins' wife and Ms. McKee's mother. The suit on behalf of the Estate is a survival action and the suit on behalf of Mr. Hawkins and Ms. McKee, individually, is a wrongful death action.

Defendants moved to dismiss Plaintiffs' original complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). Defendants asserted Plaintiffs fail to state a claim upon which relief can be granted because of the following: (1) Plaintiffs fail to allege Defendants are a "health care provider" as defined by Texas Civil Practice & Remedies Code § 74.00l(a)(12)(A) or a "nursing home" per Texas Civil Practice & Remedies Code § 74.001(a)(21); (2) Plaintiffs fail to allege Defendants are "duly licensed, certified, registered or chartered by the State of Texas to provide health care;" (3) Plaintiffs fail to allege Defendants employed the individual or individuals who owned or operated the nursing home; and (4) Plaintiffs fail to allege Defendants employed the individuals or individuals who provided the care and treatment for the nursing home resident Ms. Hawkins, including the alleged negligent acts, errors or omissions of nursing home care and treatment allegedly causing injury, damage and death.

## REPORT AND RECOMMENDATION

On April 1, 2014, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motions to dismiss Plaintiffs' original complaint be denied without prejudice to refiling. The Magistrate Judge noted Plaintiffs asked that they be permitted to conduct discovery to determine with certainty the connection or affiliation of Defendants with the nursing home in question. According to Plaintiff, there are over forty entities using the name Nexion in the State of Texas, and Plaintiffs asked the Court not to dismiss their case prior to their having benefit of discovery or a reasonable opportunity to amend. The Magistrate Judge denied Defendants' motion at this time to allow Plaintiff to conduct discovery into the connection and affiliation of Defendants with the nursing home in Clarksville, Texas. Plaintiffs were ordered to amend their original complaint within ninety days from the date of entry of the Report and Recommendation to address the issues raised in Defendants' motions to dismiss.

## OBJECTIONS

Defendants object to the Report and Recommendation, asserting Plaintiffs' claims do not sufficiently allege vicarious liability against the non-Regency Defendants. According to Defendants, Plaintiff's original complaint contains no allegations regarding the non-Regency Defendants' control of the Regency Healthcare facility. Defendants assert discovery is not available for claims lacking sufficient allegations, and the Report and Recommendation essentially grants Plaintiffs the ability to "conduct a fishing expedition to support [their] complaint before dismissing claims that the Plaintiffs clearly failed to state." (Dkt. No. 30 at pg. 7).

## *DE NOVO* REVIEW

The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions. At the time Plaintiffs' original complaint was filed, the exact nature of the Nexion Defendants' involvement with Regency was unclear. The Magistrate Judge found reasonable Plaintiffs' request for an opportunity to conduct some discovery as well as a reasonable opportunity to amend their original claim with greater specificity to address the issues raised in Defendants' motion. Although the Report and Recommendation allowed Plaintiffs ninety days to amend, Plaintiffs filed an amended complaint on April 18, four days after Defendants' objections were filed.

In their response to Defendants' objections, Plaintiffs explain that through public declarations involving two of the Nexion Defendants, additional online research, as well as more informal discovery, Plaintiffs have learned that one or more of the Nexion entities are involved in the day-to-day operations of the nursing home in question. According to Plaintiffs, this information as well as references to portions of Chapter 74 of the Texas Civil Practices and Remedies Code have been included in their First Amended Original Complaint, thus mooting Defendants' objections.

Plaintiffs amended their original complaint with greater specificity as ordered by the Magistrate Judge in the subject Report and Recommendation. Defendants are allowed to re-urge their motions to dismiss in light of the amended complaint. The Court finds Defendants' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Motion to Dismiss of Defendants Nexion Health Leasing, Inc., Nexion Health of Texas, Inc. and Nexion Health, Inc. (Dkt. No. 7) and Motion to Dismiss of Defendant Nexion Health Management, Inc. (Dkt. No. 10) are **DENIED WITHOUT PREJUDICE TO REFILING**.

**It is SO ORDERED.**

**SIGNED this 29th day of April, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE