# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| STANLEY HAWKINS AS INDEPENDENT EXECUTOR OF THE ESTATE OF ELIZABETH PAIGE HAWKINS, AND LACY MCKEE<br>　　　　Plaintiffs,<br><br>v.<br><br>NEXION HEALTH MANAGEMENT, INC., ET AL.<br>　　　　Defendants | § § § § § § § § § § § § | 5:13-CV-121 |

## ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court: Plaintiffs' Motion to Compel Production of Documents (Docket Entry # 29). The Court, having reviewed the relevant briefing and hearing arguments of counsel June 17, 2014, is of the opinion the motion to compel should be **GRANTED AS MODIFIED and DENIED IN PART** as specified herein.

## I. BACKGROUND

This case involves claims by Stanley Hawkins, Individually and as Executor of the Estate of Elizabeth Paige Hawkins, Deceased, and Lacy Paige McKee ("Plaintiffs") against Nexion Health Leasing, Inc.; Nexion Health of Texas, Inc.; and Nexion Health, Inc. as well as Nexion Health Management, Inc. (collectively "Nexion Defendants") for negligently proximately causing the death of Mr. Hawkins' wife and Ms. McKee's mother while she was a resident at Defendants' facility, Nexion Health at Bogata, Inc. D/b/a Regency Healthcare and Rehabilitation Center at Red River ("Regency"). The suit on behalf of the Estate is a survival action and the suit on behalf of Mr.

Hawkins and Ms. McKee, individually, is a wrongful death action.

On January 9, 2014, the Nexion Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting, among other things, Chapter 74 of the Texas Civil Practice & Remedies Code applies only to healthcare providers and their affiliates. On April 1, 2014, the Court issued a Report and Recommendation, recommending the Nexion Defendants' motions be denied without prejudice to refiling. The Court noted Plaintiffs had asked that they be permitted to conduct discovery to determine with certainty the connection or affiliation of Defendants with the nursing home in question. Plaintiffs asked the Court not to dismiss their case prior to their having benefit of discovery or a reasonable opportunity to amend. The Court denied Defendants' motions at that time to allow Plaintiffs to conduct discovery into the connection and affiliation of Defendants with the Regency nursing home in Clarksville, Texas. Plaintiffs were ordered to amend their original complaint within ninety days from the date of entry of the Report and Recommendation to address the issues raised in Defendants' motions to dismiss. On April 18, 2014, Plaintiffs filed a First Amended Complaint. (Docket Entry # 31).

Defendants objected to the Report and Recommendation, asserting Plaintiffs' claims do not sufficiently allege vicarious liability against the non-Regency Defendants. According to Defendants, Plaintiff's original complaint contained no allegations regarding the non-Regency Defendants' control of the Regency Healthcare facility. Defendants asserted discovery was not appropriate for claims lacking sufficient allegations, and the Report and Recommendation essentially granted Plaintiffs the ability to "conduct a fishing expedition to support [their] complaint before dismissing claims that the Plaintiffs clearly failed to state." (Docket Entry # 30 at pg. 7). On May 1, 2014, Judge Schneider adopted the Report and Recommendation as the findings and conclusions of the

Court, finding Defendants' objections without merit.

## II. PLAINTIFFS' MOTION TO COMPEL

Prior to the March 5 deadline for serving Initial Disclosures, Plaintiffs' counsel served a letter on counsel for the Defendants advising counsel of documents that Plaintiffs believed should be disclosed as a part of the Defendants' Initial Disclosures. According to Plaintiffs, Defendants' Initial Disclosures provided no documents other than those purporting to be the nursing home records of Elizabeth Paige Hawkins while she was a resident at Regency. Specifically, Defendants disclosed no documents with regard to the Nexion Defendants. In their current motion to compel, Plaintiffs request the Court enter an Order compelling Defendants to produce 33 categories of documents.

Defendants represent they have already produced hundreds of pages of relevant documents, and they object to Plaintiffs' attempts to discover information related to what control, if any, the Nexion Defendants exercise over Regency. As raised in their objections to the April 1, 2014 Report and Recommendation, Defendants assert this is a medical negligence case, and Plaintiffs have not specifically pled that the Nexion Defendants' alleged control of Regency caused a bad action (i.e., fraud). Therefore, Defendants assert any requested discovery related to the control issue is not relevant.

## III. APPLICABLE LAW

FED. R. CIV. P. 26(b)(1) provides parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Specifically, Rule 26(b)(2)(iii) allows the Court to limit discovery if the burden or expense of the proposed discovery outweighs the likely benefits of the discovery, taking into account the needs of the case, the amount in controversy, the

parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

## IV. DISCUSSION

**A.     Request Nos. 1-17, 19, 21, and 28**

The parties clarified at the hearing that Defendants do not object to producing, and they have already produced, documents responsive to Request Nos. 1-17, 19, 21, and 28. Defendants' counsel represented at the hearing that Defendants have produced all documents in their possession responsive to these requests.

**B.     Request Nos. 18, 20, 22, 29, and 33**

Defendants do not object to Request Nos. 18, 20, 22, 29, and 33. However, with the exception of one insurance declaration sheet, Defendants have not yet produced documents responsive to these requests. The Court, having considered the relevant briefing and attorney arguments, orders Defendants to produce the following within fourteen days from the date of entry of this Order:

18. All insurance or indemnifying agreements (*for any named Defendant*) under

which an insurance business may be liable to satisfy part or all of a judgment against any Nexion Defendant in this case for the injuries and death of Elizabeth Paige Hawkins including, but not limited to, professional liability insurance agreements, insurance agreements insuring directors and officers concerning business decisions, and all general liability insurance agreements (*this does not include insurance policies of individuals that are not a named defendant or whose policies would not be used to satisfy part or all of a judgment*);[1] and

29. All documents reflecting the authority and accreditation of Regency to operate as a nursing home in Texas in 2012 and 2013.

Regarding Request No. 20 (seeking a copy of the instruction and/or operation manual for Wanderguard system), Defendants represent they are looking for the instruction manual and will produce it if they are able to locate a copy. Defendants are ordered to use reasonable diligence to locate a copy of the Wanderguard user manual dated 2003. Defendants shall produce a copy to Plaintiffs within fourteen days from the date of entry of this Order.

Regarding Request No. 22 (seeking ownership and lease documents of the real property at 2407 West Main Street, Clarksville, Texas, on October 24-25, 2012), Defendants object to this request. According to Defendants, Plaintiffs have not pled that the Nexion Defendants' alleged control of Regency caused any bad action (i.e., fraud), and ownership and lease information regarding Regency is not relevant to the medical negligence allegations that have been specifically pled.

Plaintiffs' causes of action have been asserted against all defendants, including the Nexion Defendants. According to Plaintiffs, the Nexion Defendants improperly seek to place a wall between them and Regency, even though Plaintiffs have alleged the Nexion Defendants owned, operated,

---

[1] To the extent Plaintiffs amend at a later date to add additional defendants and are unable to secure insurance policies from those defendants, Plaintiff may file an appropriate motion at that time.

controlled and/or were affiliated with Regency. (Am. Compl. ¶4.1). Plaintiffs also allege the Nexion Defendants were, at the time Mrs. Hawkins was a resident at Regency, a nursing home duly licensed, certified, registered, or chartered by the State of Texas to provide health care, TEX. CIV. PRAC. & REM. CODE § 74.001(a)(21).

Alternatively, Plaintiffs allege Defendants were, at all relevant times, an officer, director, shareholder, member, partner manager, owner or affiliate of a health care provider and an employee, independent contractor, or agent of a health care provider acting in the course and scope of the employment or contractual relationship. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(B)(i)(ii). (*Id*. at ¶4.2). Plaintiffs further allege that as affiliates of a healthcare provider, Defendants, "at all relevant times, directly or indirectly, through one or more intermediaries, controlled, was controlled by, or was made under common control with a specified person (or entity), including any direct or indirect parent or subsidiary." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(1). According to Plaintiffs, control was exercised by possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of the person (or entity), whether through ownership of equity or securities by contract or otherwise. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(1)(3). (*Id.*).

Given Plaintiffs' current allegations, the Court finds ownership documents and lease agreements regarding the Regency property relevant to Plaintiffs' claims. Defendants shall produce documents responsive to Request No. 22 within fourteen days from the date of entry of this Order.

Regarding Request No. 33 (seeking "Blood Glucose Monitoring System Guide"), Defendants represent they will continue to search for the guide. Defendants are ordered to use reasonable diligence to locate a copy of the guide for the blood glucose machine or monitoring system. Defendants shall produce a copy to Plaintiffs within fourteen days from the date of entry of this

6

Order.

C.  **Request Nos. 23-27, 30, 31, and 32**

Request Nos. 23-25 seek training files as follows:

23. Training files of all employees involved in testing, assessing and reporting glucose levels of Mrs. Hawkins;

24. Training files of all employees with regard to maintenance and operation of the Wanderguard system from March 2012 until October 26, 2012; and

25. Training files of all nurses aides, CNAs, LVNs and RNs to include training relating to the testing, assessment and reporting of glucose levels from March 2012 until October 26, 2012.

At the hearing, Defendants' counsel stated Defendants will produce all personnel or training files from 2010-present for employees who cared for Mrs. Hawkins. Defendants shall produce responsive documents as limited at the hearing within fourteen days from the date of entry of this Order.

Regarding Request No. 26 (seeking disciplinary files of employees with regard to the direct patient care of any resident to include failure to adhere to charting and reporting requirements for five years prior to October 25, 2012), Defendants agreed at the hearing to produce disciplinary files from 2010-present related to two limited areas: failure to report change of condition and reporting of glucose levels. Defendants shall produce these documents within fourteen days from the date of entry of this Order.

To the extent any disciplinary files from 2010- present reflect other action(s) taken for failure to adhere to charting and reporting requirements or any other infraction, Defendants shall amend their privilege log, within fourteen days, describing the actions that do not fall into the above categories (failure to report change of condition and reporting of glucose levels) with sufficient

7

particularity so Plaintiffs can determine whether they will seek production of said documents.

Request No. 27 seeks documents reflecting all prior deficiencies or violations in Defendants' policies or procedures noted by any state or federal authority relating to training and patient care for five years prior to October 25, 2012. According to Defendants, these are public records available to Plaintiffs. This part of Plaintiffs' motion is denied. To the extent Plaintiffs are unable to secure documents responsive to this request on their own, Plaintiffs may move the Court for relief.

Request No. 30 seeks all documents reporting and communicating information between Nexion Health at Bogata, Inc. d/b/a Regency Healthcare and Rehabilitation Center at Red River and any other Nexion entity named in this suit from March 2012 to October 26, 2012. Defendants object to this request, asserting the requested documents are not relevant and will not aid an evaluation of Plaintiffs' pleaded claims related to a diabetic resident who passed away. Further, Defendants object to the requested production of "all documents" because it is clearly vague and overly broad and fails to limit the scope of the documents requested.

The Court overrules Defendants' objection to this request. However, given the broad wording of Request No. 30, the Court modifies the request as follows: Defendants shall produce to Plaintiffs, within fourteen days from the date of entry of this Order, documents reporting and communicating information between Regency and any other Nexion entity from January 1, 2012-December 31, 2012 regarding policies or procedures that the Nexion Defendants impose on Regency; directives on patient care in general; reported injuries; or the Hawkins incident.

Regarding Request No. 31 (seeking training files of Margaret Hodgson, Scott Franklin, Vicki Parker and Denise Honnell), Defendants do not object to producing the files for Franklin, Parker, and Honnell from 2010 to present. Defendants shall produce these documents within fourteen days

8

from the date of entry of this Order.

According to Defendants, Hodgson was not employed by any named defendant at the time of the incident, and the employing facility (Nexion of Omaha, Texas) is no longer in existence. To the extent Defendants, using reasonable diligence, can locate Hodgson's training files from 2010-present, Defendants shall produce these documents within fourteen days.

Finally, Request No. 32 seeks all recorded and written statements of employees of the Defendants taken with regard to the events of October 24-25, 2012, concerning Elizabeth Paige Hawkins. Defendants object to this request, asserting they are withholding production of a 34-page incident and investigation report conducted by Regency Healthcare based on the nurse's peer review privilege. As pointed out by Plaintiffs, Defendants' privilege log lists the relevant privilege as the medical/peer review privilege. According to Plaintiffs, the nurse's peer review privilege and the medical/peer review privileges are different privileges with different requirements.

The Court, having considered the parties' briefing and hearing arguments of counsel, orders as follows: (1) within fourteen days from the date of entry of this Order, Defendants shall amend their privilege log, stating exactly what privilege they are asserting with regard to the 34-page incident and investigation report they are withholding; (2) within fourteen days from the date of entry of this Order, Defendants shall also provide the Court an affidavit that supports their claim of privilege; and, (3) within fourteen days from the date of entry of this Order, Defendants shall also tender to the Court under seal a sampling of the 34-page incident and investigation report (25%) for the Court's *in camera* review to determine if any of the statements contained in the report should be protected by privilege. Plaintiffs may file a brief with the Court ten days following their review of Defendants' amended privilege log and supporting affidavit, addressing whether the asserted

privilege applies. Defendants may file a responsive brief within five days thereafter.

Based on the foregoing, it is

**ORDERED** that Plaintiffs' Motion to Compel Production of Documents (Docket Entry # 29) is **GRANTED AS MODIFIED and DENIED IN PART** as specified in Section IV.

**SIGNED this 18th day of June, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE