**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **STANLEY HAWKINS AS INDEPENDENT EXECUTOR OF THE ESTATE OF ELIZABETH PAIGE HAWKINS, AND LACY MCKEE,** | § | |
| ***Plaintiffs*,** | § | |
| **vs.** | § | |
| **NEXION HEALTH MANAGEMENT, INC., NEXION HEALTH AT BOGATA, INC. D/B/A REGENCY HEALTHCARE AND REHABILITATION CENTER AT RED RIVER, NEXION HEALTH LEASING, INC., NEXION HEALTH OF TEXAS, INC., AND NEXION HEALTH, INC.,** | § | **CIVIL ACTION NO. 5:13-CV-121** |
| ***Defendants*.** | § | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Pursuant to Fed. R. Civ. P. 56, Defendants Nexion Health at Bogota, Inc. (d/b/a Regency Healthcare and Rehabilitation Center at Red River), Nexion Health Leasing, Inc., Nexion Health of Texas, Inc., Nexion Health, Inc., and Nexion Health Management, Inc. file this Motion for Summary Judgment and would show the Court as follows:

## I. Summary

Plaintiffs allege direct negligence claims against the nursing facility at issue in this case, as well as vicarious liability claims against four other entities. The vicarious liability claims must be dismissed because it is undisputed that those entities did not control the activities of the facility. Likewise, Plaintiffs' direct negligence claims must be dismissed because they rely on (1) actions of employees taken outside the scope of those employees' duties and (2) fail to state a

negligence claim for actions taken pursuant to the proper standard of care. Finally, Plaintiffs cannot maintain their negligence per se claim because it relies on statutes that cannot support such a claim. Accordingly, the Defendants request that the Court dismiss all of Plaintiffs' claims against all Defendants with prejudice.

## II. Summary Judgment Evidence

Exhibit A  Declaration of Ruth Brown, Administrator of Regency Healthcare;

Exhibit B  Excerpts of deposition of Scott Franklin, dated August 21, 2014;

Exhibit C  Excerpts of deposition of Vicki Parker, dated October 29, 2014;

Exhibit D  Declaration of Cynthia Hamm on behalf of Nexion Health Management, Inc.; and

Exhibit E  Declaration of Marguerite Jenkins on behalf of Nexion Health, Inc., Nexion Health of Texas, Inc., and Nexion Health Leasing, Inc.

## III. Background

Plaintiffs allege a healthcare liability claim under Chapter 74 of the Texas Civil Practice and Remedies Code for nursing home professional negligence and/or malpractice. Dkt. 85 at 5-12. Plaintiffs allege that the professional negligence and/or malpractice occurred while Plaintiff Elizabeth Paige Hawkins resided at a healthcare facility known as Regency Healthcare and Rehabilitation Center at Red River ("Regency Healthcare"). *Id*. at 5-16. Plaintiffs allege claims against the facility itself (Regency Healthcare), as well as four other entities, Nexion Health Management, Inc., Nexion Health Leasing, Inc., Nexion Health of Texas, Inc., and Nexion Health, Inc. (the "Nexion Defendants"), that Plaintiffs allege are vicariously liable for Regency Healthcare's alleged negligence. *Id*. at 5-6.

On October 24, 2012, Mrs. Hawkins left the facility grounds unsupervised and suffered injuries resulting from a fall. *Id*. at 7. At that time, Mrs. Hawkins was wearing a monitoring bracelet as part of the facility's "Wanderguard" system. Ex. A (REG 002431; REG 1809-1835);

Ex B at 41:1-23.  The Wanderguard system prevented Mrs. Hawkins from leaving the facility without the assistance of staff to disarm the security door.  Ex. A (REG 002431); Ex. B at 41:1-23.  The facility's Wanderguard procedures provide five instances in which the staff may disarm the door, including when the resident wishes to go outside and the staff member accompanies the resident and remains with the resident while outside.  Ex. A (REG 002431).

Four of the facility's employees, Shamara Dotson, Tammy Butler, Destiny Coulter, and Evelyn Proby, found Mrs. Hawkins outside the facility grounds and helped her return to the facility.  Ex. B at 38:11-22.  The employees helped Mrs. Hawkins return to the facility and sought treatment for Mrs. Hawkins' injuries.  *Id*. at 39:1-8.  Further, the four employees initially provided false information, stating that Mrs. Hawkins' fall occurred inside the facility.  *Id*. at 37:5-15.  Mrs. Hawkins was taken to the hospital and returned to the facility later on October 24, 2012.  Dkt. 85 at 9.

On October 25, 2012, the facility administered glucose testing based on Mrs. Hawkins' diabetic condition.  Ex. A (REG 00216).  The facility's chart shows that Mrs. Hawkins was given insulin at 7 am and 4:30 pm.  Ex. A (REG 00216).  At 4:30 pm, Mrs. Hawkins' glucose level was 468.  Dkt. 85 at 9.  In accordance with the facility doctor's orders, the facility provided additional insulin at 4:30 pm because Mrs. Hawkins' glucose level was above 400.  Ex. C at 141:3-16.  The doctor instructed the facility's nurses to wait two hours after administering the additional insulin to ensure that Mrs. Hawkins' glucose level dropped below 400.  *Id*.  If it did not, the nurses were instructed to call the doctor.  *Id*.  At 5:30 pm, only one hour later, the facility nurses became concerned with Mrs. Hawkins' condition and made an emergency call and Mrs. Hawkins was taken to the hospital.  Dkt. 85 at 10.

Mrs. Hawkins passed away at the hospital on October 27, 2012. *Id*. Plaintiffs allege that Regency Healthcare negligently failed to supervise Mrs. Hawkins, resulting in her injuries outside the facility and failed to adequately monitor Mrs. Hawkins' glucose and insulin levels. *Id*. at 11-12. Plaintiffs seek survival and wrongful death damages. *Id*. at 17-18. Plaintiffs do not allege any direct claims against the Nexion Defendants, only that the Nexion Defendants are vicariously liable for Regency Healthcare's alleged negligence. *Id*. at 6.

## IV. Argument

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Brown v. City of Houston, Tex*., 337 F.3d 539, 540-41 (5th Cir. 2003). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. *Celotex Corp*., 477 U.S. at 322.

The Nexion Defendants are entitled to summary judgment because there is no evidence that they controlled any of the operations and/or details of Regency Healthcare's business and/or provided care to Mrs. Hawkins. Testimony from each of the Nexion Defendants reveals that none of those entities exercised sufficient control over Regency Healthcare to impose vicarious liability. All claims against the Nexion Defendants must be dismissed.

Plaintiffs' negligence claim against Regency Healthcare must be dismissed for two reasons. First, Dotson, Butler, Coulter, and Proby acted outside the scope of their employment in allowing Mrs. Hawkins to leave the facility and subsequently failing to follow Regency Healthcare's procedures after locating Mrs. Hawkins. The nurses' conduct in allowing Mrs.

Hawkins to leave the facility and failing to properly report Mrs. Hawkins's injuries were unforeseeable actions outside the scope of their duties and cannot be attributed to Regency Healthcare. Second, Plaintiffs have no claim for negligence related to Mrs. Hawkins' insulin and glucose treatment. The medical records and facility policies and procedures establish that the facility's actions in checking Mrs. Hawkins' glucose levels and administering insulin were in accordance with the doctor's orders and established procedures.

**A. The Nexion Defendants are not vicariously liable because they did not have control over Regency.**

In December 2013, the Nexion Defendants filed a 12(b)(6) motion to dismiss Plaintiffs' claims based on lack of allegations or evidence of control. Dkt. 7. The Court denied the motion without prejudice to allow Plaintiffs "to conduct discovery to determine with certainty the connection or affiliation of [the Nexion] Defendants with the nursing home in question." Dkt. 40 at 2. Since that time, Plaintiffs have conducted discovery into the relationship between the Nexion Defendants and Regency Healthcare. None of that discovery shows anything contrary to the statements made in the Nexion Defendants' original motion to dismiss – ***the Nexion Defendants do not employ or otherwise control Regency Healthcare or any of its employees***.

Under Texas Law, "[t]o prove agency, evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364 (5th Cir. 2008) (citations omitted). "It is the principal's extent of control over the details of accomplishing the assigned task that primarily distinguishes the status of independent contractor from that of agent." *Id*.

Each of the Nexion Defendants has stated that it did not:

(1) "direct any employees, staff, administrators, vendors, or other party that participates in the day-to-day operations of Regency;"

(2) "control any decisions to hire or fire any employees, staff, or administration of Regency;"

(3) "implement, or otherwise assist in the policies and procedures employed by Regency in its day-to-day operations;"

(4) "control any of the details of the day-to-day operations of the facility;"

(5) "control the training of employees, staff, or administrators of the facility;" or

(6) "employ any of the individuals that provided direct care and treatment to Elizabeth Paige Hawkins while she was a resident of Regency in 2012."

Exs. D and E.

This testimony establishes that the Nexion Defendants did not control any of the details necessary to impose vicarious liability for the alleged negligence of Regency Healthcare. *See Heritage Housing Develop., Inc. v. Carr*, 199 S.W.3d 560 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (vicarious liability can only be imposed where the vicariously liable party ***controls the details of the work***); *U.S. v. Contemporary Health Mgmt. of Hardin County, Inc.*, 807 F. Supp. 47, 49 (E.D. Tex. 1992) ("The alleged principal must have the right to control ***both the means and the details of the process*** by which the alleged agent is to accomplish his task.") (citation omitted and emphasis added).

The Nexion Defendants respectfully request that the Court dismiss Plaintiffs' claims against them because they did not control Regency Healthcare, its employees, or the details of its work and cannot be vicariously liable for Regency Healthcare's alleged negligence.

**B. Regency Healthcare is not responsible for the alleged negligence of Dotson, Butler, Coulter, and Proby because they acted outside the scope of their employment.**

Plaintiffs allege that Dotson, Butler, Coulter, and Proby failed to properly supervise Mrs. Hawkins, resulting in her leaving the facility unsupervised and suffering injuries. Dkt. 85 at 7-8; Ex. B at 37:9-38:9. Plaintiffs also allege that these nurses falsified records and failed to address Mrs. Hawkins' injuries in a timely manner. Dkt. 85 at 8-9; Ex. B 35:21-37:7, 38:20-39:11.

Regency Healthcare's policies and procedures clearly required Dotson, Butler, Coulter, and Proby to supervise Mrs. Hawkins, not to let her out of the building unsupervised, and to immediately report any injuries. To the extent that Dotson, Butler, Coulter, and Proby failed to comply with those procedures, they were acting outside the scope of their employment. Regency Healthcare cannot be held liable for such unforeseeable actions.

In order to render an employer liable for an act of its employee, the act must have been committed in the course and scope of the employee's employment, in the furtherance of the employer's business, and for the accomplishment of the objective for which the employee was employed. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *Peek v. Equipment Servs., Inc.*, 906 S.W.2d 529, 531 (Tex. App.—San Antonio 1995, no writ).

Regency Healthcare's policies required the nurses to perform the following functions:

- Promptly report any resident missing or suspected of being missing (Ex. A at REG 001492);
- Attempt to prevent the departure of any resident attempting to leave the premises (*Id*.);
- When a departing resident returns to the facility, notify the attending physician and the resident's legal representative, and document the event in the resident's medical record (Ex. A at REG 001493);
- Examine incident/accident victims, notify the attending physician, and transfer resident to the emergency room or medical treatment center (Ex. A at REG 001494);
- Nursing staff will document circumstances related to unsafe actions, including wandering, by a resident (Ex. A at 001496);
- Staff will notify the Administrator and Director of Nursing immediately, and will institute appropriate measures (including searching) for any resident who is discovered to be missing from the unit or facility (*Id*.); and
- Report all changes in the resident's condition (Ex. A at REG 001537).

The alleged decision to allow Mrs. Hawkins to leave the Regency facility unsupervised, as well as the alleged failure to immediately and accurately report Mrs. Hawkins' injuries were

not in furtherance of Regency Healthcare's business or any of the objectives for which the nurses were employed. These alleged actions were contrary to Regency Healthcare's policies and were not "what [the employees] were instructed to do." Ex. B at 41:18-23. Accordingly, Regency Healthcare requests that the Court dismiss Plaintiffs' negligence claims based on the alleged actions of Dotson, Butler, Coulter, and Proby because those alleged actions were not done within the course and scope of their employment with Regency Healthcare.

**C. Regency Healthcare was not negligent in treating and reporting Mrs. Hawkins' glucose levels.**

Plaintiffs also contend that Regency Healthcare did not properly treat and report Mrs. Hawkins' diabetic condition when checking her glucose levels. Dkt. 85 at 10-14. Plaintiffs' claim is based on the allegations that Regency Healthcare failed to monitor Mrs. Hawkins' glucose levels properly and failed to report high levels to a physician on October 25, 2012. *Id*. at 12-13. On that day, Regency Healthcare checked Mrs. Hawkins' glucose levels on two occasions. Ex. A (REG 00216). The doctor's order regarding Mrs. Hawkins' glucose levels stated that the facility should provide additional insulin if Mrs. Hawkins' glucose level was above 400 and notify the doctor after two hours if the level did not fall. Ex. C at 141:3-16.

At 4:30, Mrs. Hawkins' glucose level was noted at 468 and the facility provided additional insulin at that time. *Id*. at 168:24-169:23. Pursuant to the doctor's order, the facility was instructed to wait two hours prior to calling the doctor and call if Mrs. Hawkins' glucose level did not decrease. *Id*. at 141:3-16. At 5:30, only one hour later, the facility contacted emergency personnel based on observations of Mrs. Hawkins' condition. Dkt. 85 at 10. The facility administered insulin when required, followed the physician's order, and actively monitored Mrs. Hawkins' condition. Accordingly, Plaintiffs have no basis for their negligence

claim based on treatment of Mrs. Hawkins' diabetic condition and Regency Healthcare requests that the Court dismiss that claim.

**D. Plaintiffs' claim for negligence per se must be dismissed.**

Plaintiffs also allege a claim for negligence per se based on 42 CFR 483.10(b)(11) and 40 Tex. Admin. Code 19.403(l). Dkt. 85 at 16. These statutes both address notification by the facility in the event of accidents and other changes in a resident's status. None of the Defendants are liable for negligence per se because, as established above, none of the Defendants violated any duties of notification. Additionally, the statutes identified cannot serve as the basis for Plaintiffs' negligence per se claim because neither statute defines the conduct of a reasonably prudent facility.

"Negligence per se . . . is a theory by which statutes are used to establish the appropriate standard of care." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi*, 390 F.3d 400, 407 (5th Cir. 2004). "When the doctrine of negligence per se applies, [the legal] standard of care . . . is replaced by a specific rule of conduct established in a statute or regulation." *Dougherty v. Santa Fe Marine, Inc*., 698 F.2d 232, 235 (5th Cir. 1983) (internal citations omitted). If a court does not believe that the statute defines the conduct of a reasonably prudent person, the court is not obligated to adopt the statute as a standard for civil liability. *Carter v. William Sommerville & Son, Inc*., 584 S.W.2d 274, 279 (Tex.1979).

The statutes that Plaintiffs cite constitute requirements for (1) facilities participating in Medicare/Medicaid and (2) licensure requirements for the state of Texas. *See* 42 CFR 483.1(b) (the statute serves "as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid."); 40 Tex. Admin. Code § 19.1(b) (the requirements of the statute "serve as a basis for survey activities for licensure and certification"). Neither statute has ever been upheld as an appropriate basis for a

negligence per se claim. The reason for that fact is clear—neither statute intends to or actually provides any standard of care. The statutes do not address the conduct of a reasonably prudent person or facility—they address state and federal licensure requirements and cannot be a basis for negligence per se. Accordingly, Plaintiffs' claim for negligence per se must be dismissed.

## V. Prayer

Defendants Nexion Health at Bogota, Inc. (d/b/a Regency Healthcare and Rehabilitation Center at Red River), Nexion Health Leasing, Inc., Nexion Health of Texas, Inc., Nexion Health, Inc., and Nexion Health Management, Inc. request that the Court grant their Motion for Summary Judgment and dismiss Plaintiffs' claims with prejudice. The Defendants request such other and further relief to which they may be justly entitled.

Respectfully submitted,

**MACDONALD DEVIN, P.C.**

By: /s/ Jason A. Burris
**Gregory N. Ziegler, Lead Counsel**
State Bar No. 00791985
GZiegler@MacdonaldDevin.com
**Jason A. Burris**
State Bar No. 24049591
JBurris@MacdonaldDevin.com

3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANTS NEXION HEALTH MANAGEMENT, INC., NEXION HEALTH AT BOGATA, INC. D/B/A REGENCY HEALTHCARE AND REHABILITATION CENTER AT RED RIVER, NEXION LEASING, INC., NEXION HEALTH OF TEXAS, INC., and NEXION HEALTH, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, by e-mail to all parties, on this the 30th day of January, 2015.

/s/ Jason A. Burris
Gregory N. Ziegler / Jason A. Burris