# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| STANLEY HAWKINS, INDIVIDUALLY § | | |
| AND AS INDEPENDENT EXECUTOR § | | |
| OF THE ESTATE OF ELIZABETH § | | |
| PAIGE HAWKINS, DECEASED § | | |
| § | | |
| v. § | | No. 5:13-CV-121 |
| § | | |
| NEXION HEALTH MANAGEMENT, § | | |
| INC., ET AL. § | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such actions has been presented for consideration. Defendants filed objections to the Report and Recommendation. Also before the Court is Plaintiff's response to the objections.

## BACKGROUND

Stanley Hawkins, Individually and as Executor of the Estate of Elizabeth Paige Hawkins, Deceased ("Plaintiff") filed this lawsuit against Nexion Health at Bogata, Inc. d/b/a Regency Healthcare and Rehabilitation Center at Red River ("Regency") as well as Nexion Health Leasing, Inc. ("Nexion Leasing"); Nexion Health of Texas, Inc. ("Nexion Texas"); Nexion Health, Inc. ("Nexion Health"); and Nexion Health Management, Inc. ("Nexion Management") (collectively "Nexion Defendants"). Plaintiff asserts Regency and the Nexion Defendants negligently proximately caused the death of Plaintiff's wife while she was a resident at Regency.

Nexion Defendants moved for summary judgment, asserting (1) Plaintiff's vicarious liability

claims against them should be dismissed because they did not control the activities of Regency; (2) Plaintiff's direct negligence claims against Regency should be dismissed because they rely on actions of four employees taken outside the scope of those employees' duties, and Plaintiff has no claim for negligence related to Mrs. Hawkins' glucose monitoring; and (3) Plaintiff's negligence per se claim should be dismissed.

## REPORT AND RECOMMENDATION

On April 27, 2015, the Magistrate Judge issued a 29-page Report and Recommendation, recommending Nexion Defendants' Motion for Summary Judgment be denied. Nexion Defendants object to the Report and Recommendation based on its failure to grant summary judgment on three grounds: (1) vicarious liability; (2) glucose monitoring; and (3) negligence per se. They do not challenge the Recommendation regarding scope of employment.

On the first issue, Nexion Defendants contend there is insufficient evidence that any of the Nexion Defendants actually had the right to control the details of the work at issue – employees' alleged actions in allowing Mrs. Hawkins to leave the facility and the administration and monitoring of glucose testing. Among other things, Nexion Defendants argue the deemed admissions stating that Nexion Texas and Nexion Health employ the nurses at Regency do not establish control over the details of the nurses' work.

Next, Nexion Defendants assert the Report and Recommendation relies on inadmissible unsworn expert reports to find an issue of fact regarding glucose monitoring. According to Nexion Defendants, there is no admissible evidence to support Plaintiff's claims of alleged negligence regarding the treatment and reporting of Mrs. Hawkins' glucose levels.

Finally, Nexion Defendants argue Plaintiff cannot maintain negligence per se claims because

2

Plaintiff only alleged healthcare liability claims under Texas law.

## *DE NOVO* REVIEW

The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions. In their first objection, Nexion Defendants present the same arguments that were presented to the Magistrate Judge, again asserting there is insufficient evidence regarding their control of the day-to-day activities of Regency. Nexion Defendants' argument is unavailing. As noted by the Magistrate Judge, Nexion Texas and Nexion Health have admitted, among other things, that healthcare providers at Regency were their employees. As their employees, there is a fact issue whether these defendants controlled the details of the work performed, including clinical care of residents such as Mrs. Hawkins.

The Magistrate Judge also relied on a license application filed with the Department of Aging & Disability ("DADS"), a state regulatory agency that investigates reports relative to nursing homes in Texas. In this application, Nexion Texas, Nexion Health, and Nexion Leasing are each listed as a "controlling person" of the "applicant," Regency nursing home facility. Specifically regarding Nexion Management, the Magistrate Judge detailed Plaintiff's evidence indicating control of clinical care at Regency, including Nexion Management's training of employees and enforcement of policies concerning resident care at Regency.

The Court agrees with the Magistrate Judge that there are genuine issues of material fact regarding the various Nexion Defendant's responsibility for supervising, training, issuing policy, and enforcing policy regarding clinical care at Regency, all of which relate to the issue of whether the Nexion Defendants controlled details of the work performed by the employees providing clinical care to Mrs. Hawkins.

The Court also finds without merit Nexion Defendants' second objection regarding the admissibility of the evidence relied upon by Plaintiff to support his negligence claim regarding glucose monitoring. Despite Nexion Defendants' objection to the unsworn expert reports of Plaintiff's expert, Dr. Joiner-Rogers, the Court finds Plaintiff presented competent summary judgment evidence to create a fact issue regarding his claims of negligence in the treating and reporting of Mrs. Hawkins' glucose levels. Along with the expert reports, Plaintiff attached Dr. Joiner-Rogers' Declaration, wherein she declares under penalty of perjury that the foregoing is true and correct. (Dkt No. 106, Exh. 9). In her declaration, Dr. Joiner-Rogers references her expert reports, incorporating them by reference. Considering all of the evidence of record, the Court agrees there are genuine issues of material fact regarding Regency's alleged negligence in the treating and reporting of Mrs. Hawkins' glucose levels.

Finally, the Court is not convinced a plaintiff cannot pursue a negligence per se theory in a healthcare liability case in Texas, as urged by Nexion Defendants for the first time in their objections. In the original briefing before the Magistrate Judge, Nexion Defendants argued the statutes relied upon by Plaintiff do not address the conduct of a reasonably prudent person or facility. Citing *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 509-10 (Tex.App.– Ft. Worth 2001, pet denied), Nexion Defendants asserted state and federal licensure requirements cannot support a negligence per se claim.

The Magistrate Judge considered *Pack* and other cases that address whether a plaintiff can proceed on a negligence per se theory in support of claims of ordinary negligence. The Magistrate Judge concluded Plaintiff could pursue a negligence per se theory with regard to his negligence claims based upon alleged violations of the cited federal and state nursing home regulations. Stated

4

differently, the Magistrate Judge held Plaintiff may prove negligence per se by offering proof that the nursing home violated relevant federal and state regulations.

In their objections, Nexion Defendants now argue that a plaintiff cannot alternatively plead Chapter 74 claims and ordinary negligence claims. *See Yamada v. Friend*, 335 S.W.3d 192 (Tex.2010). According to Nexion Defendants, there is no dispute Chapter 74 of the Texas Civil Practices and Remedies Code covers Plaintiff's claims. Nexion Defendants assert Plaintiff cannot also allege negligence per se because any negligence claim is based on the same conduct as Plaintiff's healthcare liability claims.

In *Yamada*, the plaintiffs sued Dr. Yamada after their daughter collapsed at a water park and later died from a heart condition. *Id.* at 193. Dr. Yamada filed an interlocutory appeal after the trial court denied his motion to dismiss for the plaintiffs' failure to file an expert report. *Id.* The court of appeals held the plaintiffs' allegations that Dr. Yamada's actions violated medical standards of care were healthcare liability claims, and as to those claims, the plaintiffs were required to comply with the provisions of the Texas Medical Liability Act ("TMLA") which require an expert report. The plaintiffs did not dispute this holding on appeal. The appellate court also held that the same actions by Dr. Yamada violated ordinary standards of care and were not subject to the TMLA. *Id*.

On appeal, the Texas Supreme Court concluded all claims against Dr. Yamada were based on the same underlying facts, and they must be dismissed because the plaintiffs did not timely file an expert report. The court held the plaintiffs' claims against Dr. Yamada could not be "split into health care and non-health care claims by pleading that his actions violated different standards of care." *Id*. at 196. "Because the [plaintiffs did] not challenge the court of appeals' holding that their claims against Dr. Yamada [were] in part health care liability claims and based on facts covered by

5

the TMLA," the court held the same facts could not alternatively be maintained as ordinary negligence claims. *Id*. at 196-97.

The cases relied upon by the Nexion Defendants in their objections involve a plaintiff's failure to file an expert report as required by Chapter 74 when the essence of the lawsuit was a healthcare liability claim. *See also Buchanan v. O'Donnell*, 340 S.W.3d 805, 811-12 (Tex. App.– San Antonio 2011, no pet.)(stating the plaintiff's negligence per se claims implicated standards of care and were properly dismissed due to the plaintiff's failure to serve an expert report as required by Chapter 74 of the Texas Civil Practice & Remedies Code). Plaintiff asserts the *Buchanan* court did not foreclose the right to pursue negligence per se in the context of a healthcare liability case. Rather, the court noted that resolution of the negligence per se claim would likely require expert testimony to establish whether the defendants' conduct breached the standards of care, even if those standards are statutory, as the plaintiffs had claimed. *Id*. at 812.

Here, Plaintiff is not attempting to change the substantive basis of his claims in order to avoid application of the TMLA. Nor is Plaintiff attempting to circumvent the requirement of an expert report by substituting evidence of a violation of a statute. *See Shelton v. Sargent*, 144 S.W.3d 113, 122 (Tex.App.– Ft. Worth, pet denied). Instead, Plaintiff intends to offer expert testimony to establish breaches of standards of care, including the standards contained in the federal and state nursing home statutes.

The above cases do not stand for the proposition that negligence per se can never be plead in a healthcare liability case. The court in *Yamada* specifically noted that "particular actions or omissions underlying health care liability claims can be highlighted and alleged to be breached or ordinary standards of care." 335 S.W.3d at 197. Negligence per se is not an independent cause of

action.  It is merely one method of proving breach of duty, through proof of an unexcused violation of a penal statute designed to protect the class of persons to which the injured party belongs. *Zavala v. Trujillo*, 883 S.W.2d 242, 246 (Tex.App. – El Paso 1994, writ denied).

The Court is not convinced at this time that Texas law forecloses Plaintiff from pursuing negligence per se under the facts of this case.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.  Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is hereby

> **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 105) is **DENIED**.
> **So Ordered and Signed on this**

**May 19, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE